UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Kent Griffee,<br>    Plaintiff,<br><br>v.<br><br>National City Mortgage Co.;<br>Mortgage Electronic Registration<br>Systems, Inc.; and Deutsche Bank<br>Trust Company Americas as Trustee<br>RALI 2006-QS18,<br>    Defendants. | C.A. No.: 12-699 |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISBURSEMENT OF USE AND OCCUPANCY FEES HELD BY THE SPECIAL MASTER

Plaintiff, Kent Griffee ("Plaintiff"), voluntarily dismissed the above-captioned matter by filing a Notice of Voluntary Dismissal on May 3, 2014, which was entered by the Court on May 5, 2014. Plaintiff voluntarily dismissed the action despite it having been pending for well over one year, and despite Defendant's efforts in actively, and in good faith, engaging in settlement discussions through the court-mandated Special Master program. Defendant made multiple attempts to review Plaintiff for modification options and ultimately Plaintiff was unresponsive and uncooperative.

Subsequent to filing the voluntary dismissal, Plaintiff filed a Motion on May 26, 2014, in which he asked the Court to disburse to him, all use and occupancy ("U&O") funds being held by the Special Master in the underlying action. *See* Plaintiffs' Motion for Disbursement of Use and Occupancy Fees Held by the Special Master (May 26, 2014) (ECF No. 13) ("Motion").

In seeking disbursement of the U&O funds, Plaintiff ignores the stated intent and purpose of both the Court and Special Master in establishing a procedure requiring U&O payments by Plaintiffs. Instead, Plaintiff relies on the unsupported contention that the Court lacks jurisdiction to disburse the U&O funds and on the argument that the District Court proceedings, and thereby presumably the Special Master appointment and process, are akin to bankruptcy proceedings and thus require that the funds be returned to Plaintiff. These arguments fail for a number of reasons: (1) Plaintiff's request contravenes the Court's intent; (2) the Court does retain jurisdiction to resolve the collateral issue involving the U&O; and (3) this is not a bankruptcy proceeding. Accordingly, the Court should deny Plaintiff's Motion and order that the U&O fees held in escrow by the Special Master be disbursed to the Defendant.

Generally, the requirement that plaintiffs pay U&O fees was intended to compensate and protect defendants while the parties engaged in settlement discussions as mandated by the Court. This requirement was established by the Special Master in a February 13, 2012 Memorandum. *See* Exhibit 1, attached hereto ("Memorandum"). In that Memorandum, the Special Master explained that it was "only fair" that defendants receive payments since plaintiffs had not been making mortgage payments, and/or payments for taxes and insurance, for some time. Memorandum at 3. She further noted that the U&O funds should be disbursed to the defendants: "Upon settling a case, the escrow will be turned over to the defendant or the defendants in question." *Id.* at 3.

In approving the Special Master's recommendation to establish U&O payments, the Court affirmed the intent that those funds be disbursed to the defendants. Order Approving Disposition Recommendations (Dec. 26, 2012) (Exhibit 2), at 1-2 (stating that the Special Master would be collecting the funds for the defendant lenders and that the fees were "imposed because

the Defendants are required to make tax and insurance payments, but are denied access to and ownership of the property as a result of the litigation and stay."). The Court also noted in its decision *In re Mortgage Foreclosure Cases*, that "Defendants will realize [the U&O] payments at the end of the settlement process." 2012 WL 3011760, at *7 (D.R.I. July 23, 2012) (rejecting claim that allowing the Special Master program to proceed pending appeal to the First Circuit would cause irreparable harm to defendants).

While Plaintiff argues that the Court no longer has jurisdiction over the U&O funds, this is neither based in law or practicality. As a practical matter, without the Court retaining jurisdiction, the funds would not be disbursed to any party because the Special Master has no authority to act without a Court order. Plaintiff seemingly acknowledges this because he has filed a Motion with the Court – a court he claims has no jurisdiction – seeking disbursement of the funds. Further, the disbursement of use and occupancy payments collected during the pendency of the litigation, and as part of a Special Master process, is a collateral matter over which the Court retains jurisdiction. *See, e.g., Cooter v. Gell & Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (noting that "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending[]" including award of costs and imposition of sanctions following a dismissal).

Finally, Plaintiff's reliance on their understanding of the bankruptcy trustee process is misplaced at best because this is not a bankruptcy action, the Special Master was not made a trustee, and the bankruptcy code is not the set of rules by which this Court operates.

Based on the foregoing, Defendant respectfully requests that the Court deny Plaintiff's Motion and order the Special Master to disburse all U&O fees to the Defendant.

NATIONAL CITY MORTGAGE CO.,
By its attorneys,


*/s/ Warren D. Hutchison*
Warren D. Hutchison, Esq. (#5571)
Patrick T. Voke, Esq.
LECLAIRRYAN, A Professional Corporation
One International Place, 11th Floor
Boston, MA  02110
(617) 502-8200
Warren.Hutchison@leclairryan.com
Patrick.Voke@leclairryan.com


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 9, 2014.

*/s/ Warren D. Hutchison*